UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT BALTIMORE** | **CIVIL ACTION NO. 13-1108**<br>Section P |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN JERRY W. GOODWIN, ET. AL.** | **MAGISTRATE JUDGE HAYES** |

## ORDER

On August 12, 2014, Defendants filed a "Notice of Suggestion of Death" and stated that Plaintiff Robert Baltimore passed away on July 14, 2014. [doc. # 47]. They certified that they mailed a copy of the Notice to Plaintiff's next-of-kin and emergency contact, Delores Williams. *Id.* Citing Federal Rule of Civil Procedure 25, they ask the Court to dismiss the instant proceedings if Plaintiff's successor or representative fails to file a motion for substitution within ninety days.

Rule 25(a) provides the following:

> **(1) Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> * * *
>
> **(3) Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

FED. R. CIV. P. 25(a).

Here, Defendants have not triggered the 90-day period for filing a motion for substitution

because they did not serve Plaintiff's putative successor, a non-party, in accordance with Rule 4. *See* Advisory Committee's Note on 1963 Amendment to FED. R. CIV. P. 25 ("The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i.e. service of a statement of the fact of the death."). Thus, as Plaintiff is deceased and Defendants have failed to properly notify Plaintiff's successor, the Court is unable to rule on the pending Motion to Dismiss/Motion for Summary Judgment. In order to give Plaintiff's putative successor an opportunity to enroll and oppose the pending Motion, Defendants are **ORDERED** to effect proper service as provided in Rule 4 within **twenty-eight (28) days** from the date of this Order.

In Chambers, Monroe, Louisiana, this 23rd day of September, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE)